UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

LUCIANNETTE SANCHEZ ROSADO

                    Plaintiff,

      v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                    Defendant.

**DECISION
and
ORDER

15-CV-00717-LGF
(consent)**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

APPEARANCES:          LAW OFFICES OF KENNETH A. HILLER
                               Attorneys for Plaintiff
                               TIMOTHY HILLER, of Counsel
                               6000 Bailey Avenue
                               Suite 1A
                               Amherst, New York 14226

                               JAMES P. KENNEDY
                               ACTING UNITED STATES ATTORNEY
                               Attorney for Defendant
                               GRAHAM MORRISON
                               Assistant United States Attorney, of Counsel
                               Federal Centre
                               138 Delaware Avenue
                               Buffalo, New York 14202, and

                               STEPHEN P. CONTE
                               Regional Chief Counsel
                               United States Social Security Administration
                               Office of the General Counsel, of Counsel
                               26 Federal Plaza
                               Room 3904
                               New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On May 19, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. (Dkt. No. 13). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff on January 8, 2016 (Dkt. 8), and by Defendant on March 8, 2016 (Dkt 10). For the reasons discussed below, Commissioner's motion is granted and the Plaintiff's motion is denied.

## BACKGROUND and FACTS

Plaintiff Luciannette Sanchez Rosado ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "defendant") decision denying her application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, (together "disability benefits"). Plaintiff, born on July 23, 1982 (R. 38), alleges that she became disabled on November 1, 2011, and stopped working as a result of a sprained left shoulder, bulging C-6[2] and C-7 cervical discs, bulging lumbar discs, neck pain, and the inability to sit for longer than five minutes. (R. 196-97).

Plaintiff's applications were initially denied by Defendant on December 12, 2012, and, pursuant to Plaintiff's request filed on December 21, 2012 (R.111), a hearing was

---

[2] C-6 and C-7 refer to numbered vertebrae of an individual's cervical spine.

held before Administrative Law Judge Robert Harvey ("Harvey" or "the ALJ") on February 10, 2014, in Buffalo, New York. (R. 33-63). Plaintiff, represented by Kelly Laga, Esq. ("Laga") appeared and testified at the hearing. The ALJ's decision denying Plaintiff's claim was rendered on April 17, 2014. (R.17-28). Plaintiff requested review by the Appeals Council, and on June 14, 2015, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on August 11, 2015, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Dkt. No. 1).

On January 8, 2016, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 8) ("Plaintiff's Memorandum"). Defendant filed, on March 8, 2016, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 10) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion on the pleadings on March 29, 2016 ("Plaintiff's Reply Memorandum") (Dkt. No. 12). Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

## A. Standard and Scope of Judicial Review

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional

---

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

5

capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

### B. <u>Substantial Gainful Activity</u>

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. §

404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since November 1, 2011, the alleged onset date of disability. (R. 19). Plaintiff does not contest this finding.

C. <u>**Severe Physical or Mental Impairment**</u>

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. Mar. 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of discogenic cervical spine/lumbar spine, and cervical/lumbar radiculopathy, and that Plaintiff's headaches and otitis externa (inflamed or infected auditory canal) were not severe. (R. 19). Plaintiff does not contest the ALJ's step two findings.

### D. Listing of Impairments

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.04 ("§ 1.04") (Disorders of the spine). (R. 20). Plaintiff does not contest the ALJ's step three findings.

### E. Residual functional capacity

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such

8

that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

In this case, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work with limitations to working in unprotected heights or around heavy, dangerous, or moving machinery, no climbing ladders, scaffolds or ropes, or crawling, with occasional limitations to bending, climbing stairs or ramps, stooping, squatting, kneeling, reaching in all directions with the upper left extremity, pulling with either upper extremity, and no work in areas where Plaintiff would be exposed to extreme or excessive cold. (R. 20).

Plaintiff contends that the ALJ's residual functional capacity assessment of Plaintiff is erroneous as the ALJ violated the treating physician rule[5] by failing to provide specific reasons for rejecting the opinion of Ellis Gomez, M.D. ("Dr. Gomez"), specifically findings set forth in Dr. Gomez's Medical Examination for Employability Assessment, Disability Screening, and Alcoholism/Drug Addiction Determination completed on November 18, 2013 (R. 527-288), wherein Dr. Gomez opined that Plaintiff was unable to engage in activities that require bending, lifting, standing or sitting. Plaintiff's Memorandum at 18.

---

[5] Recent revisions to the Code of Federal Regulations have eliminated the treating physician's rule effective March 27, 2017. As here, such revisions are not applicable to decisions issued prior to that date. *See* 20 C.F.R. § 404.1527 (Evaluating opinion evidence for claims filed before March 27, 2017).

Defendant maintains that no error results from the ALJ's assignment of little weight to the opinion of Dr. Gomez as such opinion was inconsistent with the opinions of Janine Ippolito, Psy.D. ("Dr. Ippolito"), Hingbiao Liu, M.D. ("Dr. Liu"), John Schwab, D.O. ("Dr. Schwab"), and results from Dr. Gomez's examination of Plaintiff on August 28, 2012. (R. 262-63). Defendant's Memorandum at 13-15. Plaintiff's contention is without merit.

The Act requires ALJs to grant significant weight to treating physician opinions supported by medical evidence in the record, and requires that treating physician opinions be granted "controlling weight" when the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2). Treating physician opinions are not determinative, and granted controlling weight only when they are not inconsistent with other controlling evidence. 20 C.F.R. § 404.1527(d); *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004) (citing *Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002). In this case, Dr. Gomez's opinions are inconsistent with substantial evidence in the record including Dr. Liu's internal medical examination of Plaintiff on November 29, 2012, wherein Dr. Liu evaluated Plaintiff with mild to moderate limitation to prolonged walking, bending, kneeling and overhead reaching, and Dr. Schwab's consultative internal medical examination of Plaintiff on June 21, 2012, that assessed Plaintiff with no physical restrictions. (R. 255). Significantly, Plaintiff testified that she engaged in activities of daily living that include cleaning, cooking, washing dishes, sweeping, doing laundry, mopping, and driving her children to and from school on a daily basis, and that she was able to reach over her head without a problem, and push with her hands. (R. 50-55). During a consultative examination with Dr. Ippolito on November 29, 2012,

Plaintiff reported that she was able to cook, clean, do laundry, go shopping, and independently take care of her three children, take public transportation, shower, bathe and dress herself, read magazines, feed her children, and watch soap operas on television. (R. 308-09). A magnetic resonance imaging ("MRI") scan of Plaintiff's lumbar spine completed on August 28, 2012, was normal (R. 280), and a cervical MRI taken the same day showed only mild posterior disc bulges at Plaintiff's C-5-C-6 and C6-C7 disc segments. (R. 283). Such evidence supports Plaintiff is capable of performing sedentary work with restrictions and the ALJ's determination to afford less weight to Dr. Gomez's opinion that Plaintiff was unable to do any activities that require bending, lifting, standing or sitting is therefore supported by substantial evidence in the record. Plaintiff's motion on this issue is accordingly denied.

Plaintiff further contends that the ALJ erred by not providing good reasons to support the weight the ALJ afforded to the opinion of Dr. Gomez on Plaintiff's mental impairment. Plaintiff's Memorandum at 24. Such contention is also without merit. In this case the ALJ supported his finding by affording "very little weight to the mental limitations [of Plaintiff by Dr. Gomez] . . . because [the findings were] not supported by the findings of Dr. Ippolito in Exhibit 7F." (R. 25).[6] Plaintiff further contends that a treating physician opinion should be granted more weight where evidence equally supports the opinions of a treating and non-treating physicians in accordance with 20 C.F.R. § 404.1527(c). Plaintiff's Memorandum at 24. Plaintiff's contention is without merit. In instances where

---

[6] Exhibit F is Dr. Ippolito's psychiatric evaluation of Plaintiff completed on November 29, 2012, wherein Dr. Ippolito assessed Plaintiff with the ability to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention, concentration, and a regular schedule, perform complex tasks independently, make appropriate decisions, and relate adequately with others, finding that Plaintiff had a mild to moderate difficulty dealing with stress.

ALJs choose to grant less than controlling weight to a treating physician's opinion, the ALJ must consider the physician's examining relationship, treatment relationship, supportability, consistency, specialization, and other factors. *See* 20 C.F.R. § 416.927(c)(1)-(6) ("§ 416.927(c)(1)-(6)"). In this case, Dr. Ippolito assessed Plaintiff with the ability to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention, concentration, and a regular schedule, perform complex tasks independently, make appropriate decisions, and relate adequately with others, finding that Plaintiff had a mild to moderate difficulty dealing with stress. (R. 309). On November 18, 2013, Dr. Gomez assessed Plaintiff with moderate limitations to Plaintiff's ability to understand, remember and carry out instructions, maintain attention and concentration, interact appropriately with others, make simple decisions, maintain socially acceptable behavior without exhibiting behavioral extremes, maintain basic standards of personal hygiene and grooming, and function in a work setting at a reasonable pace. (R. 528). Dr. Ippolito's findings are supported by Plaintiff's reported activities of daily living, Discussion, *supra*, at 10, in accordance with § 416.927(c)(4) (consistency). Moreover, Dr. Ippolito's opinion, as a psychiatrist, is properly afforded more weight on issues related to Plaintiff's mental impairment than to the weight afforded to Dr. Gomez, Plaintiff's family practitioner, in accordance with § 416.927(5) (specialization). The ALJ's determination to afford less weight to Dr. Gomez's opinion on Plaintiff's mental impairment is therefore supported by the factors set forth under § 416.927. Plaintiff's motion on this issue is denied.

Plaintiff's contention that the ALJ erred in not finding that Plaintiff was disabled for a closed period of benefits from November 1, 2011 (Plaintiff's alleged onset date of

disability), until April 23, 2013, the date upon which Conrad R. Williams, M.D. ("Dr. Williams") opined that Plaintiff was able to return to work with restrictions, and that examinations completed by Dr. Williams and William Owens, D.C. ("Dr. Owens"), Plaintiff's chiropractor, support that Plaintiff was disabled for the closed period, Plaintiff's Memorandum at 19-22, is also without merit. A closed period of disability is applicable to instances where a claimant is found disabled for a finite period of time, albeit a continuous period of <u>not less than 12 months</u>, following the date of the claim. *See Williams v. Colvin*, 2013 WL 3713315, at *6 (W.D.N.Y. July 12, 2013) (underlining added.) (ALJ should consider whether claimant is disabled for a closed, continuous period of not less than 12 months).[7] In this case, Plaintiff began chiropractic treatment with Dr. Owens on September 17, 2012. That same day, Dr. Williams recommended that Plaintiff discontinue physical therapy, opined that Plaintiff was in no acute distress and that Plaintiff was disabled. (R. 460). According to the record, this was the first time that any medical treating source refers to Plaintiff as unable to work, and as Plaintiff contends, thereby commencing the required 12-month durational period. That Dr. Williams continued to opine that Plaintiff was unable to work on October 16, 2012 (R. 461), November 13, 2012 (R. 463), December 12, 2012 (R. 465), February 26, 2013 (R. 468), and March 26, 2013 (R. 470) is of no consequence here, as Dr. Williams's finding that Plaintiff was able to return to work with limitations to no lifting more than 20-25

---

[7] The court notes that Plaintiff did not raise the issue of a closed period of disability prior to filing her motion for judgment on the pleadings, and that Plaintiff has therefore waived it. *See Hapstak v. Commissioner of Social Security*, 2003 WL 22232046, at *12 (N.D.N.Y. Sept. 26, 2003). Because Defendant has not maintained that the Plaintiff is precluded from raising the issue, and argues against Plaintiff on this issue on the merits instead, in the interest of completeness the Court addresses the issue. *See Robertson v. BerryhiIlI,* 2017 WL 3574626, at *2 (W.D.N.Y. Aug. 18, 2017). ("[A]s the Commissioner has not challenged this issue the Court will address it.")

pounds, with no repetitive bending, stooping, climbing, squatting, and stooping on April 23, 2013 (R. 479), does not meet the required 12-month minimum period for disability based on this theory. Plaintiff's motion for remand on this issue is therefore denied.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 8) is DENIED; Defendant's motion (Doc. No. 10) is GRANTED. The Clerk of Court is ordered to close the file.

So Ordered.

*/s/ Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	January 30, 2018
	Buffalo, New York